IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**SEAN L. HAGINS,**

        **Petitioner,**

v.                                                             Civil Action No. 5:17cv21
                                                              (Judge Stamp)

**S. KALLIS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On February 15, 2017, the *pro se* Petitioner, Sean L. Hagins, an inmate then incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 12. On April 2, 2018, the Petitioner was ordered to refile his petition in compliance with the Local Rules of Prisoner Litigation. ECF No. 14. The Petitioner complied on April 23, 2016. ECF No. 16.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:06cr485 in the United States District Court for the Eastern District of Pennsylvania, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial

**A. Conviction and Sentence**

On September 14, 2006, a grand jury in the Eastern District of Pennsylvania returned a one-count indictment charging the Petitioner with possessing a firearm as a convicted felon. ECF No. 1. On December 14, 2006, the grand jury returned a seven-count Superseding Indictment that charged the Petitioner with: (1) conspiracy to straw purchase in excess of 45 firearms, in violation of 18 U.S.C. § 371; (2) two counts of using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (3) four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 11. On December 19, 2007, the grand jury returned a second Superseding Indictment, which altered the language of the two 18 U.S.C. 924(c) counts in accordance with <u>Watson v. United States</u>, 552 U.S. 74 (2007) but otherwise left the counts and charges intact. ECF No. 73.

The case proceeded to trial on February 28, 2008. On March 7, 2008, the jury returned a verdict finding the Petitioner guilty of the straw purchase conspiracy (Count One); and all four felon-in-possession charges (Counts Four through Seven). The jury returned a verdict of not guilty on the § 924(c) counts (Counts Two and Three). ECF No. 133.

On March 8, 2008, the Petitioner moved for a judgment of acquittal and/or for a new trial. ECF No. 135. On August 7, 2009, and September 11, 2009, he filed supplemental post-trial motions. ECF Nos. 177 & 180. On September 14, 2009, the District Court held a testimonial hearing followed by argument by counsel, and denied all of the Petitioner's motions. ECF No. 182. On October 2, 2009, the Court issued a

---

<u>Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

written opinion supplementing the explanation for its denial of the Petitioner's amended supplemental motion premised on the Supreme Court's decision in Arizona v. Gant, 556 U.S. 332 (2009). ECF No. 189.

On the same date that it held that a testimonial hearing on the Petitioner's post-trial motions, the Court also held a sentencing hearing. The Court found that the Petitioner was properly categorized at offense level 35, criminal history category VI, with a resulting Sentencing Guidelines range of 292-365 months. After argument from counsel, and an allocution by the Petitioner, the court chose a within-Guideline sentence of 360 months' imprisonment, along with 3 years' supervised release, a fine of $10,000 and a $500 special assessment. ECF No. 183.

**B. Appeal**

On September 23, 2009, the Petitioner filed a timely appeal from the judgment of conviction and sentence. In his appeal, the Petitioner argued, among other things, that his trial counsel provided ineffective assistance by failing to call two particular witnesses and by failing to "investigate [] the end possessors of the firearms to determine who provided the guns to them." On November 18, 2011, the Court of Appeals for the Third Circuit affirmed the Petitioner's conviction and sentence. United States v. Hagins, 452 F. App'x. 141 (3d Cir. 2011). Thereafter, the Petitioner sought certiorari in the Supreme Court, which was denied on or about October 1, 2012.

**C. Motion to Vacate**

On September 27, 2013, the Petitioner filed a pro se motion for relief under 28 U.S.C. § 2255. ECF No. 201. On October 7, 2013, the Petitioner filed a Motion to strike/withdraw his section 225 motion as unauthorized. ECF No. 203. By order dated

October 15, 2013, the District Court granted-in-part and denied-in-part the Petitioner's motion, directing that his memorandum of law, but not his timely petition, be withdrawn. ECF No. 204. The Court also granted the Petitioner until December 2, 2013, to file an amended Section 2255 Motion on a Court-approved form. On December 3, 2013, the Petitioner filed an amended Section 2255 motion. ECF No. 205. The Petitioner raised 9 ineffective assistant claims: (1) three concerning his trial counsel, and (2) six regarding his sentencing counsel. The District Court determined that the record established that the Petitioner suffered no prejudice from his counsel's alleged deficiencies. Accordingly, the Court denied the Petitioner's Amended Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and declined to issue a certificate of appealability.  ECF No. 211. On March 26, 2015, the United States Court of Appeals for the Third Circuit denied the Petitioner's request for a certificate of appealability. ECF No. 216.

Thereafter, the Petitioner filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct sentence in the United States Court of Appeals for the Fifth Circuit seeking to raise a claim pursuant to Mathis v. United States, 136 S.Ct. 2243 (2016). On December 8, 2016, the application was denied. ECF No. 218.

### D. Instant § 2241 Petition

The Petitioner attacks his sentence alleging that his enhanced sentence as a career offender is no longer valid. More specifically, the Petitioner alleges that his two prior convictions for possession with intent to distribute within 1000 feet of a school no longer qualify as predicate offenses. In addition, the Petitioner alleges that acquitted

conduct cannot support a sentencing enhancement. In support of his petition, the Petitioner cites to Mathis v. United States; Nelson v. Colorado; Descamps v. United States; and Johnson v. United States, as well as a number of circuit court opinions from circuits other than the Fourth Circuit.

The Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because the laws pertaining to his unlawful sentence and conviction were adverse to him at the time he filed his first § 2255 motion. However, the Petitioner maintains that the laws have since been clarified and numerous courts have authorized habeas corpus for petitioners who had no earlier opportunity to challenge their conviction or sentence that a change in law may negate. ECF No.1 at 9. For relief, the Petitioner requests that this Court grant the writ and issue an immediate hearing, resentencing him without the enhancements based on two prior convictions that can no longer qualify as predicates for a sentencing enhancement, and thereafter, release him from custody immediately to time served.  ECF No. 1 at 8.

### III. Legal Standard

**A.     Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

      **B.    Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

      **C.    Post-Conviction Remedies and Relief**

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, §

---

d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

## IV. Analysis

Petitioner does not seek relief under any permissible ground in his § 2241 petition. The Petitioner claims do not relate to the execution of sentence or calculation of sentence by the BOP. Instead, the claims relate to the validity of the Petitioner's sentence imposed in the Eastern District of Pennsylvania. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[4]

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Because the Petitioner is not challenging his conviction the Jones test does not apply. Instead, the Court must review

---

[4] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

9

the petition under the Wheeler four prong savings clause test for erroneous sentences. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

As previously noted, the Petitioner relies on the Supreme Court's decisions in Johnson, Mathis, Descamps and Nelson. However, none of those decisions afford him relief, nor has he cited a Fourth Circuit decision which would entitle him to relief.

First, in Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015), the Supreme Court struck the residual clause of the ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. The only portion of the ACCA that was invalidated[5] was the residual clause of 18 U.S.C. § 924 which defines "violent felony" as any crime punishable by more than one year in prison "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . " 18 U.S.C. § 924(e)(2)(B)(ii). Moreover, in order to be entitled to raise a Johnson argument regarding the invalidity of the residual clause of 18 U.S.C. § 924, the Petitioner must first demonstrate that he was sentenced under the ACCA. He was not,

---

[5] The provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive . . ." remain in full force and effect as well. 18 U.S.C. § 924(e)(2)(B).

10

and accordingly, Johnson affords him no relief. Moreover, even if Johnson were applicable to the Petitioner's situation, his Johnson claim is untimely raised.[6]

The Petitioner also relies on Mathis v. United States, 136 S.Ct. 2243 (2016) and Descamps v. United States, 133 S.Ct. 2276 (2013) for his argument that his sentence was improperly enhanced. However, the Petitioner's reliance on these two cases is misplaced. Neither Mathis nor Descamps apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive).

Finally, in Nelson v. Colorado, 137 S.Ct. 1249 (2017), the Supreme Court held that a state statute violated due process rights when it required defendants with reversed or vacated convictions to prove innocence by clear and convincing evidence in order to obtain refunds of restitution paid pursuant to an invalid conviction. The Supreme Court in United States v. Watts, 519 U.S. 148 (1997) held that a sentencing court can consider acquitted conduct in calculating his sentence as long as the conduct had been proven by a preponderance of the evidence. There is no indication upon review of cases giving negative treatment to Watts that any case has overruled that decision, including Nelson. Additionally, Nelson makes no reference to Watts whatsoever. Therefore, in the Fourth Circuit, acquitted conduct may still be used in sentence calculations. See Lewis v. Mosely, 2018 WL 2422045 (D. SC May 9, 2018).

In summary, the Petitioner has failed to meet the second prong of the Wheeler test, and his claims may not be considered under § 2241. Accordingly, this Court is

---

[6] The one year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expired on June 26, 2016.

11

without jurisdiction to consider the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 9, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE