IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SEAN L. HAGINS,

     Petitioner,

v.                                        Civil Action No. 5:17CV21
                                               (STAMP)

S. KALLIS, Warden,

     Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS AND
DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I. Background

The pro se[1] petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF Nos. 1, 16. In the petition, the petitioner contends that his enhanced sentence as a career offender is invalid because: (1) his two prior convictions for possession with intent to distribute within 1000 feet of a school no longer qualify as predicate offenses (ECF Nos. 16 at 5, 16-1 at 6-9); (2) acquitted conduct cannot support a sentencing enhancement (ECF Nos. 16 at 5, 16-1 at 6, 9-11); and (3) the Court's enhancement based on petitioner's alleged purchase of weapons in exchange for money and drugs was improper because the petitioner must have possessed the weapon in connection to or with another felony, and because "there

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

is no evidence that the amount of drugs was enough to count as a felony" (ECF No. 16-1 at 11). The petitioner relies on the following cases: Mathis v. United States, 136 S. Ct. 2243 (2016), Cruz v. Att'y Gen., 452 F.3d 240 (3d Cir. 2006), United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), Nelson v. Colorado, 137 S. Ct. 1249 (2017), United States v. Watts, 519 U.S. 148 (1997), United States v. Andrade-Calderon, 638 F. App'x 622 (9th Cir. 2016), Render v. Holder, 764 F.3d 1077 (9th Cir. 2014), James v. United States, 550 U.S. 192 (2007), Johnson v. United States, 135 S. Ct. 2551 (2015), Johnson v. Mississippi, 486 U.S. 578 (1988), United States v. Amerson, No. 17-1713 (6th Cir. 2018), I.N.S. v. St. Cyr., 533 U.S. 289 (2001), and Boumediene v. Bush, 533 U.S. 723 (2008). Specifically, the petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention because the laws pertaining to his unlawful sentence and conviction were adverse to him at the time he filed his first § 2255 motion. ECF No. 16 at 9. The petitioner also suggests that laws have been clarified and have authorized habeas corpus for petitioners who had no earlier opportunity to challenge their conviction or sentence that a change in law may negate. Id. at 9, ECF No. 16-1 at 5-6. The petitioner requests that this Court grant the writ and issue an immediate hearing, resentencing him without the enhancements based on two prior convictions that can no longer qualify as predicates

for a sentencing enhancement, and release him from custody "immediately to time served." ECF Nos. 16 at 8, 16-1 at 12.

United States Magistrate Judge James E. Seibert entered a report and recommendation, in which he recommends that the § 2241 petition be denied and dismissed without prejudice. ECF No. 22 at 12.

The petitioner then filed objections. ECF No. 24. In his objections, the petitioner first argues that the magistrate judge erred by failing to apply the savings clause to the petitioner's sentence. ECF No. 24 at 1-2. Second, the petitioner argues that the magistrate judge misapplied the law to the facts of his case. Id. at 2. Third, the petitioner argues that the magistrate judge erred by concluding that acquitted conduct may still be used in sentencing calculations as long as calculations are proven by preponderance of the evidence rather than beyond a reasonable doubt. Id. at 2, 8.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 22) is affirmed and adopted, and the petitioner's objections (ECF No. 24) are overruled.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's

recommendation will be reviewed <u>de novo</u> as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

## III. Discussion

First, the magistrate judge correctly found that since the petitioner's claims relate to the execution of a sentence or calculation of a sentence, they are properly contested either on direct appeal or in a 28 U.S.C. § 2255 proceeding; thus, the magistrate judge treated petitioner's petition as a § 2255 petition. <u>Id.</u> at 9. Further, the magistrate judge appropriately found that the petitioner is not entitled to application of the savings clause. <u>Id.</u> at 9. Specifically, since the petitioner is not challenging his conviction, the <u>Jones</u> test does not apply and

Wheeler's four-prong test applies.[2] As to the first prong, at the time of sentencing, settled law established the legality of the sentence imposed. However, petitioner cannot meet the second prong of the Wheeler test, because any change to settled law which

---

[2]Under In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), a remedy based on 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of a conviction only when the following conditions are satisfied:

> (1) at the time of conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

The test pronounced in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), sets forth the following four conditions in order for a court to find that a remedy based on 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of a conviction:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. Thus, the magistrate judge correctly concluded that the third and fourth parts to the test do not need to be considered, and that the petitioner is not entitled to application of the savings clause. Id.

Second, the magistrate judge properly found that the petitioner's reliance on Johnson, Mathis, Descamps, and Nelson is misplaced. Id. at 10-11. As the magistrate judge explains, in Johnson v. United States, 135 S. Ct. 2251, 2555-57(2015), the Supreme Court held that the residual clause of 18 U.S.C. § 924 of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. ECF No. 22 at 10. The only portion of the ACCA that was invalidated was the section defining "violent felony" as any crime punishable by more than one year in prison "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . ." Id. (citing 18 U.S.C. § 924(e)(2)(B)(ii)). Since the petitioner was not sentenced under the ACCA, he could not raise an argument regarding the invalidity of the residual clause, and is not entitled to relief under Johnson. Moreover, Mathis and Descamps are not applied retroactively in this Circuit. See Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D. Md. May 31, 2017); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D. W. Va. Jan. 30, 2017). Lastly, the magistrate

6

judge correctly indicated there is no indication that <u>Watts</u> has been overruled by other cases, including <u>Nelson</u>. ECF No. 22 at 11.

In sum, this Court agrees with the magistrate judge's conclusion. Specifically, the magistrate judge correctly found that the petitioner is unable to satisfy the second prong of § 2255's savings clause to seek relief under § 2241. <u>Id.</u> When a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction. Therefore, this Court adopts and affirms the report and recommendation in its entirety, and the petitioner's § 2241 petition is denied and dismissed without prejudice.

## IV. <u>Conclusion</u>

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 22) is AFFIRMED and ADOPTED and the petitioner's objections (ECF No. 24) are OVERRULED. It is further ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 19, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE